UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRI BAILIN,

Plaintiff,

v. Case No. 8:26-cv-01689-VMC-GDP

ROBERT F. KENNEDY, JR., IN HIS OFFICIAL CAPACITY AS THE SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Defendant.

______________________________________/

JOINT MOTION TO VACATE ORDER REQUIRING CASE MANAGEMENT REPORT AND REQUEST FOR SCHEDULING ORDER

Plaintiff, Sherri Bailin ("Plaintiff") and Defendant, Robert F. Kennedy, Jr., in his official capacity as the Secretary of the United States Department of Health and Human Services ("Defendant") (collectively, the "Parties") jointly move to vacate the Court's Order requiring a case management report (Doc. 11), pursuant to Local Rule 3.01(d)(2), and respectfully request that the Court enter a Scheduling Order as set forth herein.

1. On June 9, 2026, Plaintiff filed a complaint under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, seeking judicial review of the April 17, 2026, decision ("MAC Decision") from the Medicare Appeals Council denying coverage of a Nidra medical device under Plaintiff's Aetna Medicare Part C plan. (Doc 1). In the Complaint, Plaintiff requests the Court enter an Order directing the

Defendant to order Aetna to issue a prior authorization for coverage of the Nidra medical device and make payment for the associated claim.

2. Because review of a final agency action under the APA is generally limited to the administrative record, the Parties agree that the merits of this case should be decided on cross-motions for summary judgment based on the administrative record. "Given that APA claims are resolved based on the administrative record, APA claims are typically resolved on summary judgment." *Meade v. Sec'y of Army*, No. 6:22-CV-324-CEM-LHP, 2023 WL 11891207, at *4 (M.D. Fla. July 25, 2023), *report and recommendation adopted*, 2023 WL 11891206 (M.D. Fla. Aug. 15, 2023); *see also Brinklys v. Johnson*, 175 F. Supp. 3d 1338, 1349-50 (M.D. Fla. 2016), ("[S]ummary judgment is the mechanism for deciding whether as a matter of law the agency action is supported by the administrative record and is otherwise consistent with the APA standard of review." (quotation marks omitted)), *aff'd sub nom. Brinklys v. Sec'y, DHS*, 702 F. App'x 856 (11th Cir. 2017) (per curiam).

3. Because the Court will be reviewing the MAC Decision based on the administrative record and parties are generally exempt from their obligation to file a case management report in actions for review of administrative records under Local Rule 3.02(d), the Parties respectfully request that the Court vacate the Court's July 17, 2026, Order (Doc. 11) requiring the Parties to file a case management report.

4. Per the Court's August 14, 2026, Order (Doc. 16), the Defendant must respond to the Complaint and file the administrative record by October 23, 2026. *See* 42 U.S.C. § 405(g) ("As part of the Commissioner's answer the Commissioner of

Social Security shall file a certified copy of the transcript of record including the evidence upon which the findings and decisions of are based.‘); 42 U.S.C. § 1395ff(b)(1) (making the provisions of 42 U.S.C. § 405(g) applicable to Medicare appeals).

5. The Parties respectfully request that the Court establish a case management schedule for summary judgment briefing. Despite numerous good faith communications, the Parties have not been able to agree on the specific deadlines for summary judgment briefing. The Parties have agreed to submit each of their proposals to the Court for consideration, which are set forth below, and they defer to the Court as to the appropriate schedule.

- Plaintiff proposes the following schedule:
  - Deadline for all parties to file motions for summary judgment: November 2, 2026.
  - Deadline for all parties to file responses to motions for summary judgment: December 2, 2026.
- Defendant proposes the following schedule:
  - Deadline for all parties to file motions for summary judgment: December 21, 2026
  - Deadline for all parties to file responses to motions for summary judgment: January 29, 2027.

6. The Parties believe the issues can be decided on the administrative

record, and the Parties÷written briefings but ultimately defer to the Court as to the necessity for oral argument.

6. The Parties do not consent to proceed before a magistrate judge.

7. The Parties certify that they have read and are familiar with the Court÷s Local Rules.

Dated: August 25, 2026

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

/ s/ Christopher J. Emden
CHRISTOPHER J. EMDEN
Assistant United States Attorney
USA No. 158
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Tel: (813) 274-6000
Fax: (813) 274-6200
Christopher.Emden@usdoj.gov
Lead Counsel for the Defendant

/ s/ Amy L. Drushal
AMY L. DRUSHAL, Lead Counsel
Florida Bar No. 546895
Primary E-Mail: adrushal@trenam.com
Secondary E-Mail: kkovach@trenam.com
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
Telephone: (813) 223-7474
Facsimile: (813) 229-6553
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 25th day of August, 2026, a copy of the foregoing was filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Amy L. Drushal*
Attorney